# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF ALABAMA

# WESTERN DIVISION

| | |
|---|---|
| ROBBIE M. GAMBLE, | & |
|    Plaintiff, | & |
| vs. |   CASE NO.: _____ |
| FIRST TRANSIT. and RELATED ASSOCIATES, AFFILIATES and SUBSIDIARIES AS CURRENTLY UNKNOWN DEFENDANTS 1-10 (as Defendants unknown at present and will be added by amendment, if and when ascertained) | & |
|    Defendant, | & |

## **COMPLAINT**

COMES NOW the Plaintiff files the original complaint as follows:

### JURISDICTION OF THE U.S. DISTRICT COURT

Plaintiff brings claims of federal questions pursuant to 28 U.S.C. §§ 331(4), 2201 and 2202, the Act of Congress known as the Civil Rights Act of 1964, as

amended by the Civil Rights Act of 1991, 42 U.S.C. §2000e et seq., and 42 U.S.C. §1981. The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured by 42 U.S.C. §2000e et seq., and 42 U.S.C. §1981, and providing for injunctive and other relief against race discrimination and harassment in employment and the employment workplace

## STATEMENT OF FACTS

1. Plaintiff, as a female African American employee of First Transit, Inc.

sustained disparate treatment from the management through the constant harassment and retaliation as an employee performing her regular duties as a safety manager and later after informing a co-worker to use the company grievance hotline.

2. Plaintiff was a victim of unequal/disproportionate harassment and

retaliation. In short, Plaintiff was harassed, singled out ridiculed and ultimately retaliated against for performing her assigned duties as a safety manager and informing a co-worker of company grievance hotline.

3. Plaintiff was subjected to being embarrassed, harassed and ridiculed through

the calling of names like "B-U-L-L", accused of stealing, having her scheduled changed to odd hours as a punishment and being told to leave company meetings, even though Defendant, through its employee, had no justification for such actions.

4. Plaintiff was harassed and retaliated against wrongfully and ultimately

constructively, wrongfully terminated.

## PARTIES

5. Plaintiff, Robbie M. Gamble, is an African American female citizen of the United States and resident of the State of Alabama, whose resident location at the time of the discrimination and filing of the EEOC charge was 5120 Briarcliff Drive, Northport AL 35473. The Plaintiff was employed by the Defendant at its, Tuscaloosa, Tuscaloosa County, Alabama location as a safety manager and was as such during the length of the discrimination, retaliation, wrongful termination, hostile work and environment. Defendant, First Transit, Inc, hereinafter "First Transit", is an entity doing business in the State of Alabama, more specifically, Tuscaloosa County, Alabama and is an entity subject to suit under 42 U.S.C. §2000e et seq., 42 U.S.C. 1981, 28 U.S.C. §§ 1331(4), 2201 and 2202.

6. The Defendant employs at least fifteen (15) persons. The Defendant is an entity, which performs various duties of elderly care, elderly physical therapy and elderly physical rehabilitation through employees and sub units throughout the State of Alabama and more specifically, Tuscaloosa County, Alabama.

## CAUSE OF ACTION - ONE
## EMPLOYMENT DISCRIMINATION

7. Plaintiff avers and reaffirms paragraphs 1-6 and adds that by making Plaintiff embarrassed and working under conditions of harassment and retaliation that were not allotted as to other certain races and sexes, Plaintiff was treated different and discriminated against.

## CAUSE OF ACTION – TWO
## HARASSMMENT

8. Plaintiff avers and reaffirms paragraphs 1-7 and adds that the name calling, constant confrontations and all out verbal scolding was unfounded and outside of company policy, the Defendant and its employees harassed Plaintiff in her employment with Defendant.

## CAUSE OF ACTION – THREE
## HOSTILE WORKPLACE AND ENVIRONMENT

9. Plaintiff avers and reaffirms paragraphs 1-8 and adds that the harassment and discrimination by Defendant and Defendant's employees, made the workplace and environment intolerable and hostile.

## CAUSE OF ACTION – FOUR
## CONSTRUCTIVE TERMINATION

10. Plaintiff avers and reaffirms paragraphs 1- 9 and adds that Plaintiff felt she was not welcome at the job, workplace or environment of the Defendant and consider herself already terminated based upon the treatment and harassment received by the Defendant and Defendant's employees.

## CAUSE OF ACTION – FIVE
## WRONGFUL TERMINATION

11. Plaintiff avers and reaffirms paragraphs 1-10 and adds that all actions related to her constructive termination were either not true or exaggerated to the point of being not true and that her constructive termination was not lawful according to company policy and the treatment of her compared to others at the company and therefore her constructive termination was wrongful.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays this Court assume jurisdiction of this action and after trial:

12. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendants are violative of the rights of the Plaintiff as secured by 42 U.S.C. §2000e et seq., and 42 U.S.C. §1981.

13. Grant Plaintiff a permanent injunction enjoining Defendant, First Transit, its agents, successors, employees, attorneys and those acting in concert with the Defendant, First Transit, and that the Defendant, First Transit refrain from continuing to violate 42 U.S.C. §2000e et seq., and 42 U.S.C. §1981.

14. Enter an order requiring Defendant, First Transit, to make the Plaintiff whole by awarding her the position (s) she would have occupied in the absence of the race discrimination, constructive discharge, wrongful termination, and harassment, back-pay (plus interest), front-pay, punitive and compensatory damages, and nominal damages, declaratory and injunctive relief, and benefits.

15. The Plaintiff further prays for such other relief and benefits as the cause of justice may require, including but not limited to, an award of costs, attorney fees and expenses.

## JURY DEMAND

Plaintiff demands trial by struck jury.

Dated this the **15th** day for **August**, **2020**.

/S/ *Al Jones* (ASB2403R80J)

Al Jones

Attorney at Law

OF COUNSEL:

The Law Offices of Attorney Al Jones

& Associates, P.C.

2626 7th Street

Tuscaloosa, AL 35401

Phone: (205) 345-0806

Email: Albiejonz@gmail.com